■ DAMARIS ROSADO, an Infant, by Her Father and Natural Guardian, IVAN ROSADO, et al., Respondents, v NJIE ALHATI et al., Respondents, and CITY OF NEW YORK, Appellant. [922 NYS2d 42]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered July 15, 2010, which denied the motion of defendant City of New York for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The City established its entitlement to judgment as a matter of law on plaintiffs' claim that it negligently failed to ensure that a crossing guard was present at the crosswalk near infant plaintiff's school at the time she was struck by a car. In opposition, plaintiffs failed to raise a triable issue of fact as to whether they justifiably relied on the City to provide a crossing guard where infant plaintiff's use of the crosswalk was unanticipated and her father did not think it unusual that the crossing guard was not present. Indeed, the record demonstrates that the father dropped off his daughter at the "barricades," a cordoned-off area where the children could play, as he usually did, which did not require her to cross the street at all, and instructed her to stay inside the barricades. He then left, fully aware that the crossing guard was not at his post (compare *Florence v Goldberg*, 44 NY2d 189 [1978]). Under these circumstances, the special relationship necessary to trigger a duty toward plaintiffs was not demonstrated (see *Cuffy v City of New York*, 69 NY2d 255 [1987]; *Valdez v City of New York*, 74 AD3d 76 [2010]).

Defendant school's cross claims against the City should also be dismissed in light of its failure to raise triable questions of fact regarding whether it justifiably relied on the City to have a crossing guard on duty at the time of the accident. Concur—Tom, J.P., Andrias, Friedman and Abdus-Salaam, JJ.